IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 23-cv-00045-RMR

LET'S GO AERO, INC.,

    Petitioner,

v.

FORCOME CO. LTD.,

    Respondent.

**ORDER**

This matter comes before the Court on Petitioner Let's Go Aero's ("LGA") Motion for Attorney Fees, ECF No. 37. LGA seeks an award of $47,933.00 in attorneys' fees and $21,854.13 in costs. For the reasons stated herein, LGA's motion is **GRANTED in part** and **DENIED in part.**

## I. BACKGROUND[1]

In 2014, LGA and Forcome entered into a Manufacturing Agreement. Under the Manufacturing Agreement, LGA was to provide Forcome with confidential and patented information on the design of certain cargo and gear transportation products. Forcome was to manufacture, test, and deliver the products to LGA. A dispute arose between the

---

[1] The facts are taken from the Petition to Confirm Arbitration Award. ECF No. 1.

parties, with LGA alleging Forcome had breached the Manufacturing Agreement. Pursuant to the Manufacturing Agreement, the parties proceeded to arbitration to resolve the dispute.

On November 30, 2021, LGA and Forcome commenced a four-day arbitration hearing in Colorado through the International Chamber of Commerce. On May 22, 2022, the Arbitration Panel issued a Partial Award that determined Forcome and its subsidiaries breached the Manufacturing Agreement and owed $472,687.28 in disgorgement profits and prejudgment interest, with post-judgment interest continuing to accrue at the legal rate under Colorado law. The Panel also awarded LGA injunctive relief. The Panel found that LGA was the prevailing party. On December 12, 2022, the Panel issued a Final Award, awarding attorneys' fees and costs to LGA in the amount of $525,983.15.

Forcome did not challenge the substance of the awards, either before the Panel or before the Court. However, Forcome did not pay the damages or the fees. Accordingly, on January 6, 2023, LGA filed a Petition to Confirm Arbitration Award. ECF No. 1. On February 3, 2023, LGA filed an Amended Petition to Confirm the Arbitration Award. ECF No. 8. Forcome did not file a response, despite the Court's order requiring Forcome to answer by June 15, 2023. ECF No. 18. Thereafter, LGA sought entry of default, ECF No. 20, and Forcome filed a response in opposition. ECF No. 21. The clerk entered default on October 31, 2023. LGA then filed its motion for default judgment, ECF No. 30, and Forcome filed a response in opposition. ECF No. 31. On November 30, 2023, the Court granted default judgment. ECF No. 33. LGA's motion for attorneys' fees followed. ECF

No. 37. LGA supports its motion for attorneys' fees with declarations from Vandana Koelsch, LGA's attorney, Michael Lindsay, their billing expert, and a list of billing entries. ECF Nos. 37-1, 37-2, 37-3.

## II.    APPLICABLE LAW

"'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010). Plaintiff seeks attorney fees pursuant to the parties' Manufacturing Agreement, which provides:

> In the event any proceeding is brought by either party in connection with this Agreement, the prevailing party in such proceeding shall be entitled to receive its costs, expert witness fees and reasonable attorneys' fees.

ECF No. 8-3 at ¶ 11.6.

The decision to award attorneys' fees in an action to enforce an arbitral award is within the district court's discretion. *United Steel Workers of Am. v. Ideal Cement Co.*, 762 F.2d 837, 843 (10th Cir. 1985). Whether to award attorneys' fees remains discretionary at the enforcement level even where a provision in a contract provides for an award of costs and fees to a prevailing party at the arbitral level. *See Curtiss Simmons Capital Res., Inc. v. Edward Kraemer & Sons, Inc.*, 23 F. App'x 924, 931 (10th Cir. 2001) (holding that district court did not abuse its discretion in denying costs and fees incurred in confirming arbitral award despite contract providing for costs and fees to prevailing party). In its discretion, a Court may award attorneys' fees to a prevailing party where the

opposing party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fabricut, Inc. v. Tulsa Gen. Drivers, Warehousemen & Helpers, Local 523*, 597 F.2d 227, 230 (10th Cir. 1979) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)).

### III.     ANALYSIS

#### A.     Entitlement to Attorneys' Fees

The Court finds that Forcome's actions in connection with this action warrant an award of attorneys' fees to LGA. The ICC arbitration panel issued its Partial Award on May 22, 2022 and its Final Award on December 12, 2022. ECF No. 1-1. Forcome did not challenge the substance of the awards before the panel or before this Court, but did not pay its damages or fees. When LGA filed its petition to confirm the award in this Court, Forcome's counsel refused to accept service and LGA was forced to file a Motion for Substituted Service. ECF Nos. 37-1 at ¶ 8, ECF No. 14, ECF No. 18.  That motion was mooted when Forcome retained new counsel who accepted service. ECF No. 18. Forcome did not file an answer or response to the petition despite the Court's order directing Forcome to answer by June 15, 2023. ECF No. 18. Forcome then informed LGA that it would seek to file a motion for summary judgment, but never did so.

Given Forcome's failure to respond, LGA moved for an entry of default. ECF No. 20. Forcome opposed the motion with baseless arguments and LGA filed a reply. ECF Nos. 21, 22. The Court held a status conference on October 31, 2023. ECF No. 28. At the status conference, Forcome asked the Court to allow it to file its late response, but

had no argument as to why its untimely response should be permitted. *Id.* The Court denied Forcome's request. *Id.* LGA then filed a motion for default judgment, ECF No. 30, and Forcome opposed the motion with the same baseless arguments that the Court had already rejected. ECF No. 31. The Court finds that Forcome acted vexatiously throughout this enforcement proceeding and will exercise its discretion to award LGA attorneys' fees.

### B. Reasonableness of Fees

If a party is entitled to fees, it must demonstrate the reasonableness of its fee request. *See United States ex rel. Sun Constr. Co., Inc. v. Torix Gen. Contractors, LLC*, No. 07-cv-01355-LTB-MJW, 2011 WL 3648287, at *2 (D. Colo. Aug. 18, 2011). To determine whether the request is reasonable, the Court begins by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). "The party requesting fees bears the burden of showing that the requested rates are in line with those prevailing in the community," *Villanueva v. Acct. Discovery Sys.*, LLC, 77 F. Supp. 3d 1058, 1080 (D. Colo. 2015) (quotation omitted), and a party seeking fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). These same standards apply when a party requests

fees for services performed by non-lawyers, such as paralegals. *See Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998) ("The court should scrutinize the [non-lawyer's] reported hours and the suggested rates in the same manner it scrutinizes lawyer time and rates." (quotation omitted)).

    1.  <u>Reasonable Hours Expended</u>

  The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. The burden of proof lies with the party seeking fees. *Hesley*, 461 U.S. at 437. In determining what is a reasonable time in which to perform a given task, an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1246 (D. Colo. 2015) (citing *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). The court then exercises its discretion to determine whether the attorney exercised appropriate billing judgment. *Reg'l Dist. Council.*, 82 F. Supp. 3d at 1245. Once the district court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Id.*

  LGA's counsel has submitted attorney time sheets showing 121.3 total hours worked by three attorneys, two paralegals, one law clerk, and two administrative assistants. The time sheet shows Vandana S. Koelsch, an attorney and shareholder with 21 years of experience, billed 51.1 hours of work associated with the case; Eric Jonsen,

lead counsel attorney with forty years of experience in commercial litigation and transactional work, billed 24.4 hours of work associated with the case; Salowa Khan, a paralegal with 8 years of experience assisting with civil and corporate litigation matters, billed 8.4 hours of work associated with the case; Lisa Vos, a senior paralegal with over 33 years of experience assisting with civil and corporate litigation matters, billed 3.3 hours of work associated with the case; Yvonne M. Davis, an administrative assistant, billed 0.7 hours of work on this case; Erin. A Huddle, an administrative assistant, billed 2 hours of work on this case; and Analee Banks, a law clerk who clerked for the firm the summer as a third-year law student, billed 31.4 hours of work associated with the case. *See* ECF Nos. 37-1; 37-3. LGA also seeks attorneys' fees for another 20 hours of work in preparing the Motion for attorneys' fees.

Upon review of the billing entries, the Court will reduce the fees billed for purely administrative tasks, including the calendaring of deadlines, the fees billed for working on the same tasks, and the fees billed for internal emails and meetings and discussing strategy. *See Stroup v. United Airlines, Inc.*, No. 15-CV-01389-DDD-STV, 2019 WL 8359214, at *2 (D. Colo. Sept. 5, 2019) (reducing the requested number of hours for unnecessary billing related to duplicative entries, sending internal emails and holding internal meetings, discussing strategy, and billing for purely administrative tasks).

Accordingly, the Court will not award the 3.3 hours billed by Ms. Vos and the 0.3 hours billed by Ms. Davis for calendaring of deadlines. Additionally, the Court will not award the "estimated" 20 hours requested for work on this motion because a party

seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *See Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). The general estimation provided here does not suffice. Finally, the Court will reduce the remaining total requested hours by 10% to reflect unnecessary billing related to duplicative billing entries, including internal communications and work on the same tasks. *See Fox v. Vice,* 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection"); *DeGrado v. Jefferson Pilot Financial Ins. Co., No*. 02-cv-01533-WYD-BNB, 2009 WL 1973501, at *10 (D. Colo. July 6, 2009) (finding that a general reduction of fees requested is appropriate); *Carr v. Fort Morgan School Dist.,* 4 F. Supp. 2d 998, 1003 (D. Colo. 1998) (same).

  2. <u>Reasonable Billing Rate</u>

A party seeking fees bears the burden of establishing that the billed rates are in line with the prevailing market rate. As the attorneys on this matter, Ms. Koelsch's billing rate was $325.00/hour until January 4, 2023, when it rose to $395/hour, and Mr. Jonsen's billing rate was $500/hour. The Court finds that these billing rates are reasonable in light of each attorney's experience and the prevailing market rates. *See, e.g., Prim v. Ensign U.S. Drilling*, *Inc.*, No. 15-cv-02156-PAB-KMT, 2019 WL 4751788, at *7 (D. Colo. Sept. 30, 2019) (approving hourly rates of $400 per hour for attorney with eight years' experience and $650 per hour for attorneys with 18 and 22 years of experience); *Aguilar v. Pepper Asian Inc.*, No. 21-cv-02740-RM-NYW, 2022 WL 408237, at *7 (D. Colo. Feb. 10, 2022) (concluding that a $400/hour rate was reasonable for an attorney with 16 years of experience).

8

As the paralegals, Ms. Khan's billing rate was $225/hour and Ms. Vos's billing rate was $180/hour. Given that Ms. Vos has 25 years more experience than Ms. Khan, it is unclear why Ms. Khan's higher rate is justified. Accordingly, the Court will reduce Ms. Khan's billing rate to $150/hour. The Court finds that this billing rate is reasonable in light of each paralegal's experience and the prevailing market rates. *See Meggs v. Joalto Grp., Ltd.*, No. 22-CV-03054-PAB-SKC, 2024 WL 1281455, at *2 (D. Colo. Mar. 26, 2024) (approving hourly rate of $150/hour for paralegal with sixteen years experience); *Branches Co., LLC v. Wilkinson*, No. 23-CV-02576-GPG-STV, 2024 WL 3402710, at *7 (D. Colo. Apr. 30, 2024), *report and recommendation adopted*, No. 23-CV-02576-GPG-STV, 2024 WL 3402709 (D. Colo. May 16, 2024) (approving hourly rate of $240-260/hour for paralegal with over 30 years of experience). As the administrative assistants, Ms. Huddle's billing rate was $150/hour and Ms. Davis's billing rate was $195/hour. The Court does not find these to be reasonable billing rates for administrative assistants. Both rates will be reduced to $75/hour. *See Collins v. Diversified Consultants, Inc.,* No. 15-CV-02115-RBJ-NYW, 2018 WL 10878005, at *10 (D. Colo. Feb. 7, 2018) (adjusting rate of administrative assistant from $135/hour to $50/hour).

Finally, as the law clerk, Ms. Banks's billing rate is $120/hour. This is a reasonable rate given her experience as a third-year law student. *See Case v. Unified Sch. Dist. No. 233*, 157 F.3d at 1250 ("As to services provided by non-lawyers, if 'law clerk and paralegal services are not reflected in the attorney's fee, the court may award them separately as part of the fee for legal services. The court should scrutinize the reported hours and the

suggested rates in the same manner it scrutinizes lawyer time and rates.") (quoting *Ramos v. Lamm*, 713 F.2d 546, 558-59 (10th Cir. 1983)); *Hayes v. SkyWest Airlines, Inc.*, No. 15-CV-02015-REB-NYW, 2019 WL 9273499, at *1 (D. Colo. July 30, 2019) (approving rate of $175/hour for first year associate).

3. <u>Lodestar Calculation</u>

After accounting for the reduction of hours and rates detailed above, the lodestar calculation is as follows:

| **Employee** | **Hourly Rate** | **Hours Billed** | **Total Fee** |
|---|---|---|---|
| Eric Jonsen (Attorney) | $500 | 24.4 reduced by 10% = 21.96 | $10,980.00 |
| Vandana Koelsch (Attorney) | $325 | 2 reduced by 10% = 1.8 | $585.00 |
| | $395 | 49.1 reduced by 10% = 44.19 | $17,455.05 |
| Salowa Khan (Paralegal) | $150 | 8.4 reduced by 10% = 7.56 | $1,134.00 |
| Lisa Vos (Paralegal) | $180 | 0 | $0.00 |
| Annalee Banks (Law Clerk) | $120 | 31.4 reduced by 10% = 28.26 | $3,391.20 |
| Yvonne Davis (Administrative Assistant) | $75 | 0.4 reduced by 10% = 0.36 | $27.00 |

| Erin Huddle (Administrative Assistant) | $75 | 2 reduced by 10% = 1.8 | $135.00 |

Accordingly, the total amount of reasonable attorneys' fees comes out to $33,707.25.

**C.    Costs**

Pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1, LGA filed its Bill of Costs contemporaneously with its motion. The Clerk taxed costs in the amount of $402.00. ECF No. 50. LGA did not file a motion to review the Clerk's action. Accordingly, the Court need not address the portion of the motion requesting costs.

### IV.    CONCLUSION

Finding no reason to depart from the lodestar calculation, the Court finds that the reasonable attorney fee to be awarded to the Plaintiff in this case is $33,707.25.

DATED:  September 5, 2024

BY THE COURT:

_____

REGINA M. RODRIGUEZ

United States District Judge